ON APPLICATION FOR REHEARING

PER CURIAM.
We have since our opinion of November 8 learned that on April 3, five months before the hearing of this appeal, the trial court rendered a judgment homologating a partition “as provided for in the proees verbal” and distributing the funds. The proees verbal’s accounting includes the funds due the wife on the Mississippi property and the attorneys’ fees of both parties, and it recites that, with the exception of the Exxon stock (to “be divided in kind as those [retirement] rights accrue”), “. . . additional items of movable property . . . [have] already been equally divided in kind.”
No appeal was taken from the April 3 judgment and the parties do not here attack it. It may be subject to attack on the basis that the trial court lacked “jurisdiction” under La.C.C.P. 2088 as to the “matters in the case reviewable under the appeal”, which included (at least) the Mississippi property and Exxon stock questions. Or it may be that, by failure to object to the homologation of a proees verbal proposing a final, net dollars-and-cents partition, the former appeal was abandoned as a matter of law.
*845 It thus may be that not only this application for rehearing but the entire appeal is moot and has been since before it was heard. But insofar as it is not moot, rehearing is refused.